# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-13-077-RAW ) |
| CASEY WAYNE MAY, | ) ) |
| Defendant. | ) |

## ORDER

Before the court is the objection of the defendant to the Report and Recommendation of the United States Magistrate Judge. Magistrate Judge Shreder recommended that the defendant's motion to suppress be denied. The court has reviewed the record, including the transcript of the hearing before the Magistrate Judge. The court finds the thorough Report and Recommendation persuasive, even in the face of defendant's well-argued objection.

Defendant argues that the state court search warrant in this case was obtained by an affidavit which failed to establish probable cause. The Magistrate Judge found the good faith exception described in *United States v. Leon,* 468 U.S. 897 (1984) was applicable.[1] The court in *Leon* identified four situations that *per se* fail to satisfy the good faith exception. They are: (1) where the affiant recklessly or knowingly placed false information in the affidavit that misled the issuing judge; (2) where the judge wholly abandons his judicial role; (3) where the affidavit is so lacking in indicia of probable cause as to render official belief

---

[1] Magistrate Judge Shreder chose to proceed directly to the good-faith exception without resolving the probable cause issue. The court agrees with this exercise of discretion. *See United States v. Danhauer,* 229 F.3d 1002, 1005 (10th Cir.2000).

in its existence entirely unreasonable; and (4) where the warrant is so facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid. *Id.* at 922-23.[2]

In considering whether an officer relied in good faith upon a warrant, the court looks to the underlying documents to see whether they are *devoid* of factual support, not merely whether the facts they contain are legally sufficient. *United States v. Gutierrez,* 498 Fed.Appx. 786 (10th Cir.2012). A "bare bones" affidavit may be so lacking in probable cause that an officer could not reasonably rely upon it. But the affidavit does not have to be a "model of specificity." An affidavit has enough factual support to justify reliance if it establishes a *minimally sufficient nexus* between the illegal activity and the place to be searched. *Id.* (emphasis in original). The Magistrate Judge found such a nexus, and this court agrees.

Finally, the court agrees with the Magistrate Judge that "nothing presented at the evidentiary hearing suggested that Agent Brown intentionally or recklessly omitted any of the aforementioned information in an effort to mislead the issuing judge." (Report and Recommendation at 6).

---

[2] The Magistrate Judge concluded he only needed to address the first and third of these situations. (Report and Recommendation at 3 n.1). Defendant did raise the second situation at the hearing, but the Magistrate found no supporting evidence. Defendant has raised the issue again in his objection. The court affirms the Magistrate Judge on this point. In any event, a "rubber stamp" challenge to judicial neutrality is basically a recasting of the third situation under *Leon. See United States v. Doyle,* 650 F.3d 460, 470 (4th Cir.2011).

It is the order of the court that the objection of the defendant (#41) is overruled. The motion of the defendant (#23) to suppress is hereby DENIED.

**ORDERED THIS 7th DAY OF JANUARY, 2014.**

**Dated this 7th day of January, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma